UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN THOMPSON,

        Plaintiff,

-v-

SGT. BOOTH, et al.,

        Defendants.

Case No. 16-CV-3477 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    Plaintiff Kevin Thompson ("Plaintiff") brings this pro se action, pursuant to 42 U.S.C. § 1983, against Sgt. Booth, C.O. Salerno, C.O. Garnot, C.O. Jordan, C.O. Vigina, RN Peterson, MD Hill, Phy Scot B, and HO Woods (collectively, "Defendants"), alleging that Defendants violated his Eighth and Fourteenth Amendment rights when they assaulted him and covered up the incident. (Dkt. No. 2.) On May 9, 2016, Plaintiff filed an Application for the Court to Request Pro Bono Counsel, (Dkt. No. 4), and an application to proceed in forma pauperis, (Dkt. No. 1). On July 18, 2016, Plaintiff's request to proceed in forma pauperis was granted. (Dkt. No. 11.) On August 10, 2016, Plaintiff's application to the Court to Request Pro Bono Counsel was denied without prejudice. (Dkt. No. 14.) On January 12, 2017, Plaintiff renewed his application for the Court to Request Pro Bono Counsel. (Dkt. No. 34.)

    At the time of Plaintiff's previous filing of the application for the Court to Request Pro Bono Counsel, Plaintiff resided at Eastern Correctional Facility in Napanoch, New York. Plaintiff has since been released from prison and now resides at McGuinness Men's Shelter in Brooklyn, New York.

While a plaintiff may be "unable to investigate the facts of his or her claim where, for example, he or she will be incarcerated for the duration of the case," the Plaintiff's release from prison will likely increase his opportunity to access evidence and research information relevant to this case. *See Walters v. NYC Health Hosp. Corp.*, No. 02-CV-751, 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002). However, designating a shelter as an address indicates a plaintiff does not have permanent housing, which can interfere with the plaintiff's ability to "proceed adequately on his own behalf." *Meyers v. City of New York*, No. 06-CV-4979, 2007 WL 582739, at *3 (S.D.N.Y. Feb. 23, 2007). Here, Plaintiff's change of address to a shelter is not a permanent housing solution; therefore, this change may hinder his ability to litigate on his own behalf. This factor must be considered with the overall evaluation of Plaintiff's case. However, as stated in the order denying the initial application for the Court to Request Pro Bono Counsel, "Plaintiff's claims turn on a conflict of stories, and 'do not appear to require outside investigation,'" *Person v. Ercole,* No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); therefore, the change of address to a shelter does not alter the issues that go to the merits of Plaintiff's case.

Plaintiff's renewal application also states that he has "mental problems" and has "multi diagnostic services documentation" indicating that he suffers from seizures. (Dkt. No. 34.) A mental condition or disability can qualify as a special reason to appoint counsel, but the Court will give more weight to this factor if it is supported by a documented history detailing the severity of the mental illness. *See Walters*, 2002 WL 31681600, at *2 (denying the plaintiff's request because he did not detail the nature or extent of his disability); *cf. Carey v. Smith*, No. 90-CV-7245, 1992 WL 316140, at *3 (S.D.N.Y. Oct. 19, 1992) (granting the petitioner's request for appointment of counsel in part because he had a long history of mental problems and was

designated by the New York State Office of Mental Health as requiring a high degree of mental health attention). Here, the Court takes Plaintiff's statement of having "mental problems" as true, but Plaintiff has not provided an explanation or any additional documentation to demonstrate how his mental illness will impact his ability to represent himself.

The renewed application for the Court to request pro bono counsel is denied because Plaintiff's release from the correctional facility to a shelter does not hinder his ability to act on his own behalf. Additionally, Plaintiff has failed to support the statements he made about his "mental problems" with additional documentation or explanation to indicate how this would impact the likelihood of a just determination.

For the reasons stated above, Plaintiff's renewed application for the appointment for pro bono counsel is denied without prejudice. The Clerk of Court is respectfully directed to terminate the pending motion. (Dkt. No. 34.)

SO ORDERED.
Dated: February 2, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE