UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN THOMPSON,

                              Plaintiff,

          -v-

SGT. BOOTH, C.O., et al.,

                              Defendants.

Civ. 16-cv-03477 (KMK) (PED)

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Kevin Thompson, aka James Moore ("Plaintiff" or "Mr. Thompson"), moves to compel Defendant Sgt. Booth ("Defendant" or "Sgt. Booth"), to appear for and testify under oath at his scheduled deposition pursuant to Federal Rules of Civil Procedure ("Rule") 30 and 37.

Plaintiff filed a Complaint against, *inter alia*, Sgt. Booth on May 9, 2016 for violation of Plaintiff's constitutional rights as an inmate at Fishkill Correctional Facility. (ECF Doc. No. 2.) Defendant filed a Motion to Dismiss the Complaint, however the Court determined that Plaintiff's Eighth Amendment claim asserted against Sgt. Booth would proceed. (ECF Doc. No. 96 at 27.) Plaintiff served deposition notices on each Defendant and each Defendant appeared for their noticed depositions, except for Sgt. Booth. After Sgt. Booth failed to appear for his deposition and counsel for Sgt. Booth could not produce Sgt. Booth for his deposition, Plaintiff filed a pre-motion letter with the Court on January 17, 2020 seeking leave to file the within Motion to Compel Sgt. Booth's appearance for his deposition. (ECF Doc. No. 130.) Counsel and *pro se* Defendant Charlotte Peterson appeared for a pre-motion conference on February 6, 2020 and the Court directed the undersigned to file a motion to compel the deposition of Defendant Booth. (*See* Minute Entry dated 02/06/2020.)

Rule 30 allows a party to depose any person, including a party, by oral questions, and the Rule requires a person properly noticed to attend and appear for the scheduled deposition. Rule 37 provides for sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition." "The substantial right at issue here is that '[a] party must be afforded a meaningful opportunity to establish the facts necessary to support [his] claim.'" *In re 650 Fifth Avenue & Related Properties*, 934 F.3d 147, 157 (2d Cir. 2019) (quoting *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

Mr. Thompson, therefore, has a right to take Sgt. Booth's deposition in this action. Sgt. Booth is a party to this action, who has been properly noticed for his deposition, and who has failed to appear for his deposition. Plaintiff has met and conferred with counsel for Sgt. Booth, who does not object to the relief sought in this Motion but has been unable to produce Sgt. Booth for his deposition. While counsel for Sgt. Booth is seeking to withdraw as counsel for Defendant, Plaintiff requests this Court order counsel for Sgt. Booth to employ all available means of communication, i.e., last known address, phone number, and personal email address (if known), to serve Defendant with this Motion and any Order by the Court granting this Motion.

Sgt. Booth's testimony is highly relevant to Plaintiff's claims and Plaintiff has right to depose Sgt. Booth as a defendant party to the action. Therefore, Plaintiff respectfully requests the Court grant his Motion, compel Sgt. Booth to appear for his deposition, and order counsel for Sgt. Booth to serve this Motion and any Order granting this Motion directly on Sgt. Booth through all available means.

Dated: New York, New York
February 12, 2020

Respectfully submitted,

COZEN O'CONNOR

By: _____
Joseph Dever
William Lesser
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400
jdever@cozen.com
wlesser@cozen.com

Pro bono discovery counsel
for Plaintiff, Kevin Thompson

3