> Application granted. Defendants' witness Stephanie Bezio may testify via two-way video at the evidentiary hearing on August 4, 2021 at 1:00 p.m. Defendants' counsel is directed to make arrangements for Ms. Bezio's testimony with the A/V department prior to that date (212-805-0134).
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 181.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         July 6, 2021

LETITIA JAMES
ATTORNEY GENERAL

July 2, 2021

Hon. J. Philp M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   *Thompson v. Booth* et al., 16-CV-3477 (PMH)

Dear Hon. J. Halpern:

In this matter, this Office represents Defendants Salerno, Garnot, Jordan, and Vigna. This letter motion is a request that defendants' witness Stephanie Bezio be able to testify via two-way video at the evidentiary hearing on August 4, 2021 at 1:00 p.m. Ms. Bezio is a single mother of two children, each under the age of 7. She lives nearly five hours away from the Charles L. Brieant courthouse. To drive in one direction takes four (4) to five (5) hours. She would need to stay overnight in White Plains if she were to testify in person but would have no one to provide child care because she is a single mother without any family members in the immediate area. Plaintiff's counsel consented to the request.

While the Sixth Amendment's Confrontation Clause gives defendants the right "to be confronted with the witnesses against [them]," U.S. Const. amend. VI, the Supreme Court made clear in *Maryland v. Craig*, 497 U.S. 836 (1990), that it does not "guarantee[ ]" defendants "the absolute right to a face-to-face meeting" with accusatory witnesses. *Id.* at 844 (emphasis in original). Rather, "the Confrontation Clause reflects a preference for face-to-face confrontation at trial, a preference that must occasionally give way to considerations of public policy and the necessities of the case." *Id.* at 849 (emphasis in original, citation and internal quotation marks omitted). Accordingly, Craig held that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Id.* at 850.

Witnesses who cannot travel long distances are frequently permitted to testify via two-way video. *See e.g. United States v. McKown*, No. 16 Cr. 178, 2020 U.S. Dist. LEXIS 1293, at *5 (N.D. Ind.

Jan. 6, 2020) ("[T]here is an important public interest in allowing witnesses to testify who cannot travel because of age or health."). Here, the reason is child care but the burden is equally onerous. The right to confrontation is preserved in two-way video testimony. Unlike one-way video, two-way video "preserve[s] the face-to-face confrontation" required by the Sixth Amendment. *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). Accordingly, the Court of Appeals has authorized the use of two-way video testimony "[u]pon a finding of exceptional circumstances" and when it "furthers the interests of justice." *Id*.

In determining whether to permit testimony by two-way video, courts in this Circuit have applied the rules used in connection with Rule 15 depositions and allowed video testimony when (1) the witness's testimony is material; (2) the Government has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so, and (3) allowing testimony by such means furthers the interests of justice." *United States v. Mostafa*, 14 F. Supp. 3d 515, 521 (S.D.N.Y. Apr. 12, 2014); *accord United States v. Buck*, 271 F. Supp. 3d 619, 622-623 (S.D.N.Y. Dec. 5, 2017).

Here Ms. Bezio's testimony is material to the filing of untimely grievances by Plaintiff. This Office has made good faith efforts for in-person production, but she has repeatedly expressed her limitations regarding travel and child care and allowing her testimony by two-way video would further the interests of justice in the potential resolution or furtherance of this matter towards resolution.

Respectfully submitted,

*J. Powers*

Janice Powers, AAG