UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN THOMPSON,

                    Plaintiff,

         -against-

SGT. BOOTH, C.O., et al.,

                Defendant.

**MEMORANDUM OPINION
AND ORDER**

16-CV-03477 (PMH)

PHILIP M. HALPERN, United States District Judge:

Kevin Thompson ("Plaintiff") initiated this action nearly six years ago, with the filing of the Complaint on May 9, 2016. (Doc. 1). The Complaint alleged claims against nine individuals, only one of whom remains in this case: former DOCCS Sergeant Troy Booth ("Defendant"). The factual allegations and procedural history of this case are laid out in detail in prior decisions rendered by this Court and need not be repeated herein.[1] The facts and background necessary for this Memorandum Opinion and Order are incorporated where appropriate *infra*.

Defendant was served with the Complaint on April 5, 2017. (Doc. 53). The Office of the New York State Attorney General ("NYAG") entered an appearance on Defendant's behalf on April 12, 2017. (Doc. 48). Defendant filed his Answer through counsel on February 14, 2019. (Doc. 113). A discovery schedule was set thereafter, with fact discovery to end on January 31, 2020. (Docs. 124, 126). After Plaintiff was informed that Defendant was unavailable for a deposition prior to the January 31, 2020 discovery cut-off date, Plaintiff sought to compel his deposition. (Doc. 130). On February 12, 2020, Plaintiff filed his motion to compel (Doc. 138), and on February 13, 2020, the motion to compel was granted, which directed Defendant to appear for

---

[1] *See, e.g., Thompson v. Booth*, No. 16-CV-03477, 2018 WL 4760663 (S.D.N.Y. Sept. 28, 2018); *Thompson v. Booth*, No. 16-CV-03477, 2021 WL 918708 (S.D.N.Y. Mar. 10, 2021); *Thompson v. Booth*, No. 16-CV-03477, 2022 WL 769386 (S.D.N.Y. Mar. 14, 2022).

his deposition by March 3, 2020 (Doc. 140). Defendant did not appear for his scheduled March 3, 2020 deposition. (Doc. 153 at 3). On April 3, 2020, the Court granted the NYAG's motion to withdraw as counsel for Defendant. (Doc. 142). No substitute counsel appeared on Defendant's behalf and he did not enter a *pro se* notice of appearance.

The case was reassigned to this Court from Judge Karas on April 16, 2020. On March 16, 2021, after motion practice in which Defendant failed to participate, the Court, *inter alia*, granted Plaintiff's motion for sanctions against Defendant, striking Defendant's Answer. (Doc. 168). On August 4, 2021, the Court dismissed the action against each of the remaining named individual defendants except for Defendant. (Doc. 193).

On October 10, 2021, the Court ordered Defendant to show cause why default judgment should not be entered against him, returnable on October 29, 2021. (Doc. 201). Defendant wrote to the Court on October 25, 2021, his first contact after the NYAG withdrew its representation of him more than a year prior. (Doc. 204). Plaintiff responded to this letter on November 5, 2021, explaining that Defendant had repeatedly failed to participate in the case and that he was still entitled to default judgment against Defendant. (Doc. 206).

The Court agreed. A default judgment on liability was entered on December 7, 2021, and a damages inquest was scheduled for March 10, 2022. (Doc. 208). After a default judgment was entered, and prior to the inquest, Defendant wrote three letters to the Court, each claiming entitlement to legal counsel, indemnification under a collective bargaining agreement, and blaming addiction for his lack of involvement in the case. (Docs. 210, 214, 219).

Plaintiff's damages inquest was held on March 10, 2022. Defendant did not appear. On March 14, 2022, the Court ordered that judgment be entered against Defendant in the amount of $50,000 and directed Plaintiff to submit a proposed judgment. (Doc. 217). Defendant wrote to the

Court on March 20, 2022 by e-mail, stating that he thought the order against him was "unfair." (Doc. 221). The Court construed Defendant's e-mail as a motion to vacate the default judgment and denied it on the grounds that Defendant's reasons for continually failing to appear were insufficient to warrant vacatur, noting that "Plaintiff's counsel served Defendant Booth with copies of all filings and orders relevant to the default proceedings against him." (Doc. 224 (citing Docs. 202, 203, 213, 215-5 at 17, 218, 222)). Judgment in the amount of $50,000 was entered against Defendant on March 29, 2022. (Doc. 225).

Defendant again moved to vacate the default judgment on March 30, 2022 (Doc. 227); and, on March 31, 2022, after being served with the Final Judgment, supplemented that motion. (Doc. 228). Defendant contends that he did not receive any filings, notices, or orders in this case before October 2021, when he alleges to have first become aware of the case. (Doc. 227 at 1).  On April 7, 2022, at the Court's direction, Plaintiff responded to Defendant's motion and supplement. (Doc. 230). Plaintiff argued that Defendant had ample opportunity to participate in the case, including when Plaintiff's counsel spoke with him by telephone on May 5, 2020, upon being served with "all Court filings and Orders," and at the March 10, 2022 damages inquest, of which he had "ample notice." (Doc. 230).[2]

On April 27, 2022, Defendant sought an extension of time to file a notice of appeal. (Doc. 233). On April 28, 2022, Plaintiff likewise sought an extension of time to file a notice of appeal. (Doc. 234). On May 3, 2022, after filing a notice of appeal (Doc. 236), Defendant wrote the Court again to request an extension of time, to the extent necessary, to file a notice of appeal (Doc. 237). The Court denied that request as moot on May 6, 2022. (Doc. 238).

---

[2] In this same response letter, Plaintiff's *pro bono* counsel, Cozen O'Connor, indicated that its representation of Plaintiff ended upon entry of the judgment. (*Id.*). Plaintiff has since entered a notice of *pro se* appearance. (Doc. 231).

For the reasons set forth below, Defendant's motion to vacate the default judgment is DENIED. The parties' respective motions at Doc. 233 and Doc. 234 for extensions of time to file notices of appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(4)(vi), are DENIED as unnecessary.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) provides six situations wherein a court may, "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Such relief is permissible where the movant establishes:

> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)     the judgment is void;
>
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (alteration in original)); *see also Stern v. Highland Lake Homeowners*, No. 18-CV-04622, 2021 WL 1164718, at *4 (S.D.N.Y. Mar. 26, 2021) (noting that "a court should only grant such a request when, without such relief, extreme hardship would result" (internal

quotation marks omitted)); *Brooks v. Doe Fund, Inc.*, No. 17-CV-03626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." (quoting *Spaulding v. New York City Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (alteration in original)).

Rule 60(b) must "be broadly construed to do substantial justice[,] while respecting that final judgments should not be lightly reopened." *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 864 F.3d 172, 183 (2d Cir. 2017) (internal quotation marks omitted). However, it "is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Castro v. Bank of New York Mellon*, 825 F. App'x 25, 25 (2d Cir. Mar. 31, 2021) (internal quotation marks omitted); *see also Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (explaining that "[r]elief under Rule 60(b) is generally not favored and . . . granted only upon . . . exceptional circumstances" (internal quotation marks omitted)). "A motion to vacate a default judgment is 'addressed to the sound discretion of the district court.'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion.").

## ANALYSIS

Defendant moves under Rule 60(b)(1) to vacate the default judgment entered against him.[3] (Doc. 227 at 3). Rule 60(b)(1) allows the Court to grant relief from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect." Notably, "'[e]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pozo v. City of New York*, No. 11-CV-02565, 2013 WL 4046301, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Pollard v. Does*, 452 F. App'x 38, 40 (2d Cir. 2011)). However, "[w]hen a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b)[(1)], the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *City View Blinds*, 2022 WL 1448205 at *1 (2d Cir. May 9, 2022) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). "Though each factor is to be considered, a 'default should not be set aside when it is found to be willful.'" *Id.* (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

Applying the three factors listed above, Plaintiff has not made the showing required to secure relief under Rule 60(b)(1). First, Defendant claims his default was not willful because he "changed residences multiple times" and "[a]s a result, [] did not receive any of the notices from the Court." (Doc. 227). However, even if Defendant did not receive any of the notices served on

---

[3] Defendant, in addition to Rule 60(b), also moves under Rule 55(c). However, "Rule 55(c) of the Federal Rules of Civil Procedure provides that a court 'may set aside a final default judgment under Rule 60(b).'" *City View Blinds of N.Y., Inc. v. Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund*, No. 21-1037-cv, 2022 WL 1448205, at *1 (2d Cir. May 9, 2022) (quoting Fed. R. Civ. P. 55(c)).  Analysis of vacatur is thus properly conducted under Rule 60(b).

him *prior* to October 2021, he was undoubtedly made aware of the ongoings of this action *after* October 2021, and still refused to appear on multiple occasions: (i) after being served documents at his admitted current address (*see* Docs. 202, 203, 213, 215-5 at 17, 218, and 222); and (ii) after being served with notice of the March 10, 2022 damages inquest at his admitted current address. (Doc. 208). Additionally, if Defendant changed addresses, it was his obligation to notify the Court of any such changes. Even today, Defendant has not made an appearance in the case, whether *pro se* or otherwise, and simply sends e-mails and letters to the Court.

The Second Circuit in *De Curtis* affirmed denial of a Rule 60(b)(1) motion to vacate a default judgment under similar circumstances in which a determination of willfulness was reasonable because there was "ample evidence submitted by [plaintiff] demonstrating [] efforts to keep [defendant] apprised of the existence of th[e] litigation" despite defendant's "meager attempts to rebut the conclusion that he knew of the lawsuit but chose not to appear." *De Curtis v. Ferrandina*, 529 F. App'x. 85, 86 (2d Cir. 2013). Here too, there is ample evidence that Plaintiff made efforts to keep Defendant apprised of the litigation. Defendant's attempts to rebut his knowing decision to not appear, multiple times, are meager at best. Defendant had multiple opportunities to appear. Indeed, Defendant *spoke with Plaintiff's counsel* a number of times on the telephone and apparently hung up on them. The Second Circuit recently considered this species of willfulness in *City View Blinds*, affirming the District Court's denial of a motion to vacate a default judgment. 2022 WL 1448205 at *2. Bad faith conduct, the Circuit held, is "not a necessary predicate to concluding that a defendant acted willfully," as gross negligence alone weighed against vacatur in that case. *Id*. (quoting *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)). In this case,

the Court found explicitly in its March 10, 2021 Order striking Defendant's Answer that he engaged in bad faith conduct. (Doc. 168).

The Court therefore finds Defendant's default to have been willful and "though each factor is to be considered, a default should not be set aside when it is found to be willful." *Id*. (internal citation omitted). While a finding of willfulness alone prevents this Court from vacating a default judgment, the Court nonetheless considers Defendant's other arguments and finds them similarly unavailing.

As to the second factor, Defendant claims that he has a "complete" and "meritorious" defense in the action based on the administrative exhaustion issue that absolved his former co-defendants of liability on summary judgment. (*See* Doc. 168). This argument fails, however, because PLRA exhaustion is an affirmative defense to be pled and proved. *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). Thus, Defendant would have to have his Answer reinstated, which would require vacatur of the Court's order imposing sanctions against him. Vacatur of an order imposing sanctions is a significant hurdle because of the strong "public interest in having rules of procedure obeyed . . . [and] deterring detrimental conduct." *Rogue Wave Software, Inc v. BTI Systems, Inc.*, No. 16-CV-07772, 2018 WL 6920770, at *6 (S.D.N.Y. Dec. 14, 2018) (citing *Keller v. Mobil Corp.*, 55 F.3d 94, 98 (2d Cir. 1995)). This Court held, in granting Plaintiff's motion for sanctions and striking Defendant's Answer, that Defendant's

> failure to obey the court order directing him to appear at a March 3, 2020 deposition coupled with his refusal to speak to counsel on May 5, 2020, appear for the May 11, 2020 court conference, file opposition to Plaintiff's motion for sanctions, or communicate with the Court in any way since the [NYAG's] motion to withdraw as counsel was granted on April 3, 2020, demonstrate the type of willful and bad faith conduct that justifies the striking of [Defendant's] Answer.

8

(Doc. 168 at 22). That decision not only details the kind of bad faith conduct in which Defendant engaged, but also provides further support for the Court's finding of willful default.

Third, as Defendant admits, "an absence of prejudice to the non-defaulting party would not in itself entitle the defaulting party to relief from the judgment." (Doc. 227 at 5 (quoting *S.E.C. v. McNulty*, 137 F.3d at 738)); *see also City View Blinds*, 2022 WL 1448205 at *3 ("We need not evaluate whether the vacatur of the default judgment would subject [plaintiffs] to prejudice because we have concluded that [defendant] failed to establish a meritorious defense; the absence of such a defense is sufficient to support the district court's denial of the . . . Rule 60(b) motion." (quoting *State St. Bank*, 374 F.3d at 174)). Therefore, even a favorable showing for Defendant on the third factor would not warrant vacatur absent the first two factors weighing in his favor. Nonetheless, the Court notes that Plaintiff would suffer significant prejudice if the judgment were set aside because he litigated this case for six years while Defendant ignored the proceedings, his *pro bono* counsel has now withdrawn from the case (Doc. 236), and he would be forced to potentially re-try the case without the benefit of counsel.

Finally, Defendant's *pro se* status does not alter this outcome. That Defendant is *pro se* does not excuse him from complying with procedural rules or meeting the burden necessary to secure the relief requested. *See Myers*, 2006 WL 2053317, at *2; *Broadway v. City of New York*, No. 96-CV-02798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) ("Moreover, the heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel."); *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001) (noting that "[p]ro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion"). It is important to note as well that other litigants in this case, including Plaintiff and former-defendant Peterson, have successfully

represented themselves *pro se* and properly complied with applicable procedural requirements. The entry of a default judgment against this Defendant was avoidable. The Court bent over backwards to give Defendant every opportunity to participate in this litigation. He indisputably chose not to do so, and a default judgment was entered against him. Defendant has no one to blame but himself.

## **CONCLUSION**

Because Defendant failed to make a highly convincing showing of exceptional circumstances demonstrating his entitlement to the extraordinary judicial relief available under Federal Rule of Civil Procedure 60(b)(1), his motion to vacate the default judgment is DENIED.

The parties' respective motions for extensions of time to file notices of appeal are likewise DENIED. Pursuant to Federal Rule of Appellate Procedure 4(a), when a party properly and timely files a motion for relief under Rule 60(b)(1), "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly, to the extent Plaintiff and Defendant have sought extensions of time to file notices of appeal, those requests are DENIED as unnecessary, because this Memorandum Opinion and Order constitutes "the order disposing of the last such remaining motion" for purposes of appeal.

The Clerk of Court is respectfully requested to mail a copy of this Memorandum Opinion and Order to the *pro se* Plaintiff and a copy to the *pro se* Defendant Troy Booth at 19920 Foxwood Forest Blvd. Apt. 1208, Humble, TX  77338.

**SO ORDERED:**

Dated:   White Plains, New York
         May 12, 2022

_____
PHILIP M. HALPERN
United States District Judge

10